UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAWINDER KANDOLA (A# 208-177-888),<br><br>         Petitioner,<br><br>   v.<br><br>WARDEN, CALIFORNIA CITY DETENTION FACILITY,<br><br>         Respondent. | No.  1:26-cv-02714 DAD SCR (HC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND GRANTING PETITION FOR WRIT OF HABEAS CORPUS |

Petitioner Rawinder Kandola is a federal immigration detainee who filed this habeas corpus action pursuant to 28 U.S.C. § 2241.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On May 6, 2026, the magistrate judge filed findings and recommendations herein which were served on all parties and which contained notice that any objections to the findings and recommendations were to be filed within seven days.  (Doc. No. 10.)  On May 13, 2026, respondent filed objections to the findings and recommendations stating as grounds for objection that:  (1) for the reasons indicated in their prior responsive pleading; and (2) on the grounds that a bond hearing, rather than release, is the appropriate remedy.  (Doc. No. 11.)  As to the second grounds, respondent maintains that petitioner was "never granted release on bond by an immigration judge" (*id.* at 1) but does not otherwise dispute that petitioner was previously

1

encountered by immigration authorities upon his entry into the United States on May 4, 2015 and released by those authorities.  (Doc. No. 10 at 1–2.)  In this regard, respondent's argument is at best disingenuous in light of the well-reasoned analysis of the magistrate judge, which already recognized that petitioner may have been released through multiple procedural routes but that all such routes still entitle him to a pre-deprivation hearing.  (Doc. No. 10 at 3–5.)  Accordingly, respondent's argument does not provide a basis upon which to reject the pending findings and recommendations.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this Court has conducted a de novo review of this case. Having carefully reviewed the entire file, the Court finds the findings and recommendations to be supported by the record and by proper analysis.

Accordingly, IT IS HEREBY ORDERED that:

1.     The findings and recommendations issued on May 6, 2026 (Doc. No. 10) are ADOPTED in full;

2.     Petitioner's application for a writ of habeas corpus (Doc. No. 1) is granted as follows:

   a.     Respondent is ORDERED to immediately release petitioner Rawinder Kandola, A-File No. 208-177-888, from respondent's custody;

   b.     Respondent is ENJOINED AND RESTRAINED from re-detaining petitioner for any purpose, absent exigent circumstances, without providing petitioner notice and a pre-deprivation hearing before an immigration judge where respondent will have the burden to demonstrate by clear and convincing evidence that petitioner is a danger to the community or a flight risk;

   c.     This order does not address the circumstances under which respondent may detain petitioner in the event petitioner becomes subject to an executable final order of removal and petitioner receives notice of that final order of removal;

2

3.      Petitioner's motion to appoint counsel (ECF No. 3) is DENIED as moot;

4.      The Clerk of the Court is directed to serve a copy of this order on the California City Detention Center; and

5.      The Clerk of the Court is also directed to enter judgment in petitioner's favor and close the case.

IT IS SO ORDERED.

Dated:   **May 15, 2026**

_Dale A. Drozd_
DALE A. DROZD
UNITED STATES DISTRICT JUDGE